UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

FREDERICK A. MARTIN,
            *Plaintiff-Appellant,*

v.

JOHN E. POTTER, Postmaster General,
U.S. Postal Service; UNITED STATES
POSTAL SERVICE; NATIONAL POSTAL
MAILHANDLERS UNION, Local 334,
            *Defendants-Appellees.*

No. 02-1981

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Matthew J. Perry, Jr., Senior District Judge.
(CA-00-807)

Submitted: May 13, 2003

Decided: May 23, 2003

Before WILKINSON, MICHAEL, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Eleazer R. Carter, THE CARTER LAW FIRM, Columbia, South Carolina, for Appellant. J. Strom Thurmond, Jr., United States Attorney, Frances C. Trapp, Assistant United States Attorney, Columbia, South Carolina; Herbert E. Buhl, III, Columbia, South Carolina, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Frederick A. Martin filed this civil action alleging that the United States Postal Service ("USPS") terminated his employment without just cause and that the National Postal Mail Handler's Union Local 334 (the "Union") did not provide him with adequate representation during the grievance process, in violation of 39 U.S.C. § 1208(b) (2000), and 28 U.S.C. § 2201 (2000). Specifically, Martin advanced claims for wrongful termination against USPS, for breach of fair representation against the Union, and for declaratory judgment in the alternative, against both Defendants.

The USPS filed a motion to dismiss, or in the alternative for summary judgment, and the Union filed a motion for summary judgment, which motions were referred to a magistrate judge who recommended granting summary judgment against Martin. Following consideration of Martin's objections, the district court granted summary judgment in favor of USPS and the Union. Martin appeals, claiming the district court erred in granting summary judgment because there existed genuine issues of material fact that the Union: (1) failed to investigate and provide medical documentation to support Martin's claim that his attendance problems were medically related to his employment; (2) failed to negotiate more favorable terms for him under the Last Chance Agreement under which Martin's job was offered back to him; and (3) was required to accept the USPS's offer to give him his job back, notwithstanding his repudiation of the Last Chance Agreement. For the reasons that follow, we affirm the district court's grant of summary judgment and dismissal of Martin's case.

The facts in this case are not in dispute. Martin was hired by the USPS as a letter carrier, and became a dues paying member of the Union, the exclusive bargaining representative of all employees in Martin's unit. Between October 1997 and June 1999, the USPS cited

Martin for forty (40) unscheduled sick leave absences, for committing an unsafe act (striking a fellow employee with a forklift), and for sexual harassment. On June 28, 1999, Martin received a letter notifying him that he was recommended for termination. As required by the collective bargaining agreement between the USPS and the Union (the "Agreement"), they entered into negotiations in an attempt to resolve the dispute concerning Martin. The Agreement establishes a three-step process for addressing employee grievances. The Union appointed representatives to represent Martin in grieving the Notice of Proposed Removal and any subsequent removal action taken by the USPS.

While his step three application was still pending, the USPS and the Union, on behalf of Martin, entered into a written, full and final settlement (the "Last Chance Agreement") of the grievance. Martin repudiated the Last Chance Agreement, and on July 26, 1999, the USPS terminated Martin effective August 6, 1999. Martin exhausted his administrative remedies, received a right to sue letter from the Equal Employment Opportunity Commission, and filed the present lawsuit, a "hybrid" breach of contract/breach of the duty of fair representation action.

The magistrate judge thoroughly reviewed the facts and each of Martin's claims before concluding, *inter alia*, that Martin failed to present any evidence of dishonesty or bad faith on the part of the Union, and further failed to demonstrate that the Union's conduct was arbitrary or perfunctory.[1] In its order granting summary judgment in

---

[1]Specifically, the magistrate judge observed that: (1) the proper Union official reviewed and concurred in all disciplinary actions directed toward Martin; (2) Martin failed to provide any medical records to the Union to support his claims that his absences were medically related to job-related depression, stress, and anxiety; (3) the Union filed step two grievances, and proceeded to step three of the process on Martin's behalf, and negotiated a Last Chance Agreement for Martin to return to his job; (4) there was no evidence that the Union caused Martin to lose his step four rights by claiming a veteran preference; (5) Martin failed to demonstrate that any statement made by the Union was prejudicial or a breach of the duty of fair representation; (6) Martin was presented with, and refused to sign, the Last Chance Agreement; (7) the terms of the Last

favor of the Union and the USPS, the district court specifically held that, even in the light most favorable to Martin, Martin failed to establish any breach of the Union's duty of fair representation given that the Union pursued a grievance on behalf of Martin to the step three stage and was able to negotiate a settlement agreement with the USPS that would have allowed Martin to keep his job.

This court reviews an award of summary judgment *de novo*. *Higgins v. E. I. Dupont de Nemours & Co.*, 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate when there is no genuine issue of material fact, given the parties' respective burdens of proof at trial. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-49 (1986). In determining whether the moving party has shown there is no genuine issue of material fact, a court must assess the factual evidence and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Id.* at 255; *Smith v. Virginia Commonwealth Univ.*, 84 F.3d 672, 675 (4th Cir. 1996).

For Martin to prevail on the merits against either the USPS or the Union, he must prove both: (1) that the Union breached its duty of fair representation; and (2) that the USPS violated the collective bargaining agreement. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164-65 (1983). While both claims are brought in one suit, a cause of action will only lie against an employer if the union has breached its duty of fair representation of the employee. *Amburgey v. Consolidation Coal Co.*, 923 F.2d 27, 29 (4th Cir. 1991). Hence, federal court review of allegations against employers for breach of collective bargaining agreements is called for only when an employee has first proved that the Union representing him breached its duty of fair representation. *Vaca v. Sipes*, 386 U.S. 171, 186 (1967); *Thompson v. Aluminum Co. of Am.*, 276 F.3d 651, 656-57 (4th Cir. 2002). To establish a breach of the duty of fair representation, Martin must dem-

---

Chance Agreement were non-negotiable; and (8) Martin failed to present any evidence that he was incompetent at the time. The magistrate judge further observed that Martin failed to show that the USPS did not have just cause for terminating him, finding that Martin did not submit any medical information to explain his absences and did not dispute the absences.

onstrate that the Union's conduct toward him was dishonest, arbitrary, discriminatory, or in bad faith. *Vaca*, 386 U.S. at 190. To be arbitrary, a union's conduct toward its member must be so far outside a wide range of reasonableness as to be wholly irrational, and examination of a Union's performance must be highly deferential to allow unions ample latitude in the performance of their representative duties. *Air Line Pilots Ass'n v. O'Neill*, 499 U.S. 65, 78 (1991); *see also United Steelworkers of America, AFL-CIO-CLC v. Rawson*, 495 U.S. 362, 374 (1990). Similarly, to sustain a bad faith claim, a plaintiff must produce evidence that the union's conduct was grossly deficient. *Ash v. United Parcel Serv., Inc.*, 800 F.2d 409, 411 (4th Cir. 1986).

Martin's first claim of breach by the Union of its duty of fair representation is that the Union failed to investigate and provide medical documentation to the USPS to support Martin's claims that his attendance problems were medically related to his job-related depression, stress, and anxiety. The record is clear that it was only after receiving his Notice of Proposed Removal that Martin for the first time sought counseling from a licensed social worker through the Postal Service's Employee Assistance Program, and sought medication from his physician for depression.[2] There is no documentation that Martin suffered from any depression, stress, or anxiety-related illness prior to June 28, 1999, the date of his Letter of Proposed Removal. In short, we find that the Union cannot be said to have breached its duty of fair representation to produce medical records that did not exist to support a claimed medical condition for which no medical treatment was ever sought. Summary judgment was proper on this claim.

Martin's second claim on appeal is that a genuine issue of material fact existed that the Union breached its duty of fair representation

---

[2]Between January 1996 and June 1999 Martin sought treatment from Dr. McElmurray on more than a dozen occasions. During that same time, Martin was tardy or missed work more than forty times. Yet Dr. McElmurray's records fail to mention any depression or other chronic condition which could explain Martin's attendance record. In addition, Martin testified he went to the doctor whenever he believed he needed medical care, and testified that the produced records of Dr. McElmurray and Mr. Winstead, the social worker, constituted all his medical records that existed for the five years prior to the trial.

when it failed to negotiate more favorable terms in the Last Chance Agreement.[3] While Martin is correct that his Union representative admitted that he did not do anything to negotiate changes to the Last Chance Agreement to reflect more favorable terms to Martin, the fact that USPS officials maintained that the terms of the Last Chance Agreement were not negotiable establishes that even if the Union had attempted to negotiate further concessions, the result would have been the same. Moreover, the Union successfully negotiated Martin's job back despite his poor attendance record and other employment problems. Given these undisputed facts, we find that the district court correctly determined that Martin failed to establish any breach of duty by the Union relative to the terms of the Last Chance Agreement.

Martin also claims that the Union was required to accept the USPS's offer to give Martin back his job when Martin repudiated the Last Chance Agreement. There is no genuine issue of material fact contrary to the facts that the Union negotiated Martin's job back, and that Martin repudiated the Last Chance Agreement, which provided the terms under which his job was available to him. Neither the Union, nor the USPS, could accept, implement, or otherwise place the Last Chance Agreement into effect without Martin's cooperation. The USPS would not accept Martin back into his job without a valid Last Chance Agreement in place. Martin's refusal to return to work under the terms of the Last Chance Agreement resulted in the final loss of his job.

Moreover, we find specious Martin's allegation that the Union breached its duty of fair representation because the USPS failed to implement the Step Three Settlement Agreement. The substance of the agreement reached at step three between the Union and the USPS was to send Martin's grievance back to the local level for final settle-

---

[3]The terms of the Last Chance Agreement provide, in pertinent part, that for a period of two years Martin agrees to: (1) enroll and satisfactorily participate in a structured Employee Assistance Program ("EAP"); (2) sign a medical release for the EAP counselor; (3) allow monthly EAP reports to be forwarded to his manager; (4) maintain satisfactory attendance, defined as no more than three unscheduled absences from work during any six-month period; and (5) substance abuse testing, should the USPS determine that such is necessary.

ment, and the Last Chance Agreement was the result of that action, and constituted the terms under which Martin could return to work. Accordingly, there was no offer of employment made to Martin under the Step Three Settlement Agreement, and consequently, there was no breach of any duty by the Union relative to the Step Three Settlement Agreement.

Given that Martin failed to establish a breach by the Union of its duty of fair representation, his claims fail and we will not review Martin's assertions that the USPS breached the collective bargaining agreement. *Vaca*, 386 U.S. at 186; *Thompson*, 276 F.3d at 657. Accordingly, we affirm the district court's order granting the motion for summary judgment in favor of the Union and the USPS. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

*AFFIRMED*